# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

JEREMY ALAN JONES,                      )
                                        )
        Plaintiff,                )
                                        )
    v.                                )     No. 4:22-cv-00475-JAR
                                        )
DJS, et al.,                            )
                                        )
        Defendants.               )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motions of plaintiff Jeremy Alan Jones for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2; Docket No. 6). Having reviewed the motions and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $43.68. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file a second amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motions for leave to proceed in forma pauperis, plaintiff submitted a copy of his inmate account statement. (Docket No. 8). The account statement shows an average monthly deposit of $218.40. The Court will therefore assess an initial partial filing fee of $43.68, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should

construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint and the Amended Complaint

Plaintiff is a self-represented litigant who is currently in the custody of the Metropolitan St. Louis Psychiatric Center in St. Louis, Missouri, where he is undergoing a court-ordered examination. At the time of the filing of his original complaint, however, he was an inmate at the St. Louis County Justice Center (SLCJC).[1]

On April 25, 2022, plaintiff submitted a civil rights action pursuant to 42 U.S.C. § 1983. The complaint is on a Court-provided prisoner civil rights complaint form, and names the SLCJC,

---

[1] The Court notes that it has reviewed plaintiff's underlying state criminal cases on Case.net, Missouri's online case management system, and has taken judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"). Based on this review, it appears that plaintiff has two active cases. In the first, *State of Missouri v. Jones*, No. 18SL-CR05016-01 (21st Jud. Cir., St. Louis County), he pled guilty to first-degree stalking and violation of a protection order, and was given five years of probation, with the imposition of sentence suspended. In the second, *State of Missouri v. Jones*, No. 19SL-CR02885-01 (21st Jud. Cir., St. Louis County), plaintiff was charged with first-degree burglary, first-degree stalking, and two counts of violating a protection order. Plaintiff has been ordered to undergo a competency examination pursuant to RSMo §§ 552.020, 552.030, and 557.031 at the St. Louis Psychiatric Center. As of May 11, 2022, the Missouri Department of Mental Health requested – and was granted – an extension of time until November 11, 2022 to attempt to restore plaintiff's competency.

3

the Department of Justice Services (DJS), and Major Tim Ishmon as defendants. (Docket No. 1 at 1-2). Plaintiff does not indicate the capacity in which Major Ishmon is sued.

The allegations consist of a series of fragmentary statements beneath numbered headings. (Docket No. 1 at 4). First, under "State of Claims," plaintiff lists "injuries to property," "215 canteen bags taken," and "700 trays poisoned and taken." Second, under "physical injury," he lists "nose and rib broken," "pooping and peeing blood," and "pain in neck and [groin]." Third, beneath "family issues," plaintiff lists contact with his family, "no medication for 12 months," and that his "father died." Finally, plaintiff states that he has "no access to legal mail," "no phone calls," and "no visitation," that he has suffered an injury to his reputation, that he has been called names, that he is in imminent danger, and that he has been "left in [segregation] pooping and [spitting] blood."

Based on these facts, plaintiff seeks $35 million and the payment of all of his hospital bills. (Docket No. 1 at 7).

Attached to the complaint is a Court-provided civil complaint form, in which plaintiff again lists the SLCJC, DJS, and Major Ishmon as defendants. (Docket No. 1-1 at 1-2). In the jurisdictional section, he asserts that the conditions of confinement in the SLCJC violates his constitutional rights. (Docket No. 1-1 at 3). As to his allegations, plaintiff reasserts the same claims he presented in the Court-provided prisoner civil rights complaint form, which are set forth above. (Docket No. 1-1 at 5).

On May 9, 2022, plaintiff filed another complaint on a Court-provided prisoner civil rights form. (Docket No. 5). The Court construed this as an amended complaint. As before, plaintiff names the SLCJC, the DJS, and Major Ishmon as defendants. (Docket No. 5 at 2-3). As before, plaintiff fails to indicate the capacity in which Major Ishmon is sued.

In his "Statement of Claim," plaintiff once again provides a series of fragmentary statements beneath numbered headings. (Docket No. 5 at 4). First, under "physical injuries," he states that he is defecating, urinating, and spitting blood, that he has had two broken noses and one broken rib, that he has pain in his neck, and that he has cancer. Second, under "injuries to property," plaintiff alleges that an unidentified person or persons took from him two radios, one shirt, a pair of headphones, 250 canteen bags, and $3,500. Third, beneath "mental injuries," plaintiff asserts that he cries all day, that he walks back and forth in his cell, that he talks to himself, that he suffers from depression, and that he has been segregated for twenty months. Finally, under "injuries to family relations," plaintiff states that his sister will not take his calls, write him back, or visit, and that his sister's family will not "bond [him] out."

With regard to his injuries, plaintiff states that he is "pooping, peeing [and] spitting blood." He also refers to a cancer test and "other medical test," though he provides no results. Plaintiff demands a lawyer, as well as $35 million in damages, payment of his medical bills, and the dropping of his criminal charges. (Docket No. 5 at 6).

### Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, accusing the SLCJC, DJS, and Major Ishmon of various constitutional violations relating to his conditions of confinement. Because he is proceeding in forma pauperis, the Court has reviewed plaintiff's complaint and amended complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that plaintiff's complaints are deficient and subject to dismissal. However, plaintiff will be given an opportunity to file a second amended complaint.

## A. Deficiencies in Complaint

Plaintiff's complaint is deficient and subject to dismissal for six reasons. First, plaintiff has named both the SLCJC and the DJS as defendants. A jail, however, is not a suable entity. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (explaining that "county jails are not legal entities amenable to suit"); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Second, to the extent that plaintiff's claims against the SLCJC and the DJS can be construed as being made against St. Louis County itself, plaintiff has failed to state a municipal liability claim. That is, none of plaintiff's facts establish the existence of an unconstitutional county policy or custom, or a deliberately indifferent failure to train or supervise. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Third, as to Major Ishmon, plaintiff has failed to indicate the capacity in which Ishmon is sued. As such, the claim must be treated as being made in Major Ishmon's official capacity only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"). An official capacity claim against an individual is treated as being made against the governmental entity that employs the individual. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official,

rather than individual, capacities sues only the public employer"). In this case, Major Ishmon is an employee of St. Louis County. However, as previously noted, plaintiff has not stated a claim against the county itself.

Fourth, even if Major Ishmon had been sued in his individual capacity, there are no allegations made against him. Simply naming a person as a defendant is not sufficient to assert their personal responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them).

Fifth, plaintiff's allegations, such as they are, amount to a list of unsupported conclusions. In stating a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010). Here, plaintiff presents only a series of disconnected statements, rather than facts demonstrating the violation of a constitutional right.

Finally, plaintiff has improperly joined several different claims. Specifically, he attempts to raise unrelated issues regarding physical injuries, medical care, stolen property, family visitation, phone calls, and access to legal mail. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). While joinder of claims, parties, and remedies are encouraged under the Federal Rules of Civil Procedure, permissive joinder is not applicable in all cases. *Mosely v.*

*General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). In particular, there are two specific requisites for joinder, including the requirement that the asserted right to relief against each defendant must arise out of the same transaction or occurrence. *Id.* As such, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences. In other words: "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Here, plaintiff has attempted to join several unrelated claims, which he will not be allowed to do.

Despite the deficiencies in his complaint, the Court will not dismiss it at this time. Instead, plaintiff will be given the opportunity to amend his pleadings according to the instructions set forth below. In preparing his second amended complaint, plaintiff **must** follow these instructions. Failure to follow these instructions may result in the dismissal of his claims.

**B. Amendment Instructions**

Plaintiff should type or neatly print his second amended complaint on the Court's prisoner civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the second amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper, as he did in his prior complaints. However, all the defendants must be clearly listed.

Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

**The Court will not allow plaintiff to join unrelated claims in his second amended complaint**. Thus, the second amended complaint should only include claims that arise out of the same transaction or occurrence. **In other words, plaintiff should only include claims that are related to each other**. *See* Fed. R. Civ. P. 20(a)(2). However, if plaintiff has multiple claims against a **single** defendant, he may name that person and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his second amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v.*

*Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Relatedly, if plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group, or to make allegations against one person, and simply attribute those actions to others. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of a second amended complaint **completely replaces** the prior complaints. This means that claims that are not re-alleged in the second amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file a second amended complaint on a Court-

provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### C. Motions to Appoint Counsel

Plaintiff has filed two motions to appoint counsel. (Docket No. 3; Docket No. 7). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. In particular, the Court notes that plaintiff's complaints are deficient, and that he has been ordered to file a second amended complaint. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed in forma pauperis (Docket No. 2; Docket No. 6) are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $43.68 within **thirty (30)** days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

11

registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel (Docket No. 3; Docket No. 7) are **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file a second amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of plaintiff's second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 11th day of _____ July _____, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE